UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

MICHAEL THREAT, *et al.*,  :
: Case No. 1:19-cv-2105
       Plaintiffs,  :
:
vs.  : OPINION & ORDER
: [Resolving Doc. 4]
CITY OF CLEVELAND, OHIO, *et al.*,  :
       Defendant.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this matter, a group of City of Cleveland's Division of Emergency Medical Services (EMS Division) captains allege that the City and the Commissioner of the EMS Division discriminated and retaliated against them.

Defendants City of Cleveland and Nicole Carlton move for a more definite statement from Plaintiffs. With the motion, Cleveland and Carlton seek additional information on the factual and legal basis for Plaintiff's claims.

For the reasons stated below, the Court **DENIES** Defendants' motion.

## I. Background

On September 12, 2019, Plaintiffs Michael Threat, Margarita Noland Moore, Pamela Beavers, Lawrence Walker, and Reginald Anderson are EMS Division African American Captains.[1] They sued Defendants City of Cleveland and EMS Division Commissioner Nicole Carlton.[2] The Complaint alleges six causes of action from Defendants' alleged discriminatory and retaliatory actions.[3]

---

[1] Doc. 1 at 3-4.
[2] *Id.* at 4.
[3] *Id.* at 13-21. Plaintiff's claims include several violations of federal law: employment discrimination (Count I), retaliation (Count II), and due process violations (Count III). *Id.* at 13-16. Their complaint also alleges claims based on

Case No. 1:19-cv-2105
Gwin, J.

On October 12, 2019, Defendants filed a motion for a more definite statement.[4] On October 18, 2019, Plaintiffs opposed.[5]

## II. Discussion

Rule 12 of the Federal Rules of Civil Procedure permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[6] Rule 12(e) motions for more definite statements are generally disfavored in light of liberal federal pleading and discovery rules.[7]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[9]

"Motions for a more definite statement are designed to address unintelligibility rather than a lack of detail."[10] "The court should grant such a motion only when 'the complaint is so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading.'"[11] "[A]llegations that are unclear due to a lack of specificity

---

Ohio law: intentional infliction of emotional distress (Count IV), employment discrimination (Count V), and retaliation (Count VI). *Id.* at 17-21.
[4] Doc. 4.
[5] Doc. 5. On October 25, 2019, Defendants filed a reply in support of their motion. Doc. 6.
[6] Fed. R. Civ. P. 12(e); *see also Thorpe v. Wal-Mart Stores, Inc.*, No. 5:16CV1247, 2016 WL 4098426, at *1 (N.D. Ohio Aug. 2, 2016).
[7] *See Thorpe*, 2016 WL 4098426, at *1; *Kramer v. RTA-Greater Cleveland Reg'l Transit Auth.*, No. 1:07CV1040, 2007 WL 2713899, at *2 (N.D. Ohio Sept. 17, 2007).
[8] Fed. R. Civ. P. 8(a)(2).
[9] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[10] *Thorpe*, 2016 WL 4098426, at *1 (citing *United States v. Paul*, 6:07-CV-36, 2008 WL 2074024, at *2 (E.D. Ky. May 13, 2008)).
[11] *Id.* (quoting *Monahan v. Smyth Automotive, Inc.*, No. 1:10-CV-00048, 2011 WL 379129, at *3 (S.D. Ohio Feb. 2, 2011)).

Case No. 1:19-cv-2105
Gwin, J.

are more appropriately clarified by discovery rather than by an order for a more definite statement."[12]

Defendants move for a more definite statement of the factual basis for all six counts.[13] Defendants also seek clarification of the legal theory of Count Three (Due Process Violations), and the statutory basis of Counts Five (Employment Discrimination Under Ohio Law), and Six (Retaliation Under Ohio Law).[14]

The Court finds that Plaintiffs have sufficiently plead each of the six counts, providing Defendants with fair notice of the claims and their grounds. The allegations in these causes of action are not so vague as to be unintelligible or to prejudice Defendants in formulating an answer. "Any insufficiencies as to specific facts and allegations [may] be revealed through the discovery process and at the summary judgment stage."[15]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for a more definite statement.

IT IS SO ORDERED.

Dated: December 19, 2019            *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[12] *Id.* (quoting *Kok v. First Unum Life Ins. Co.*, 154 F. Supp.2d 777, 782 (S.D.N.Y. 2001)).
[13] Doc. 4. Defendants seek clarification of whether all five plaintiffs are alleging each claim. Defendants also ask Plaintiffs to identify the dates on which the EEOC issued right to sue letters for Plaintiffs' federal claims, as well as the dates on which Defendants allegedly retaliated.
[14] *Id.*
[15] *Kramer v. RTA-Greater Cleveland Reg'l Transit Auth.*, No. 1:07CV1040, 2007 WL 2713899, at *2 (N.D. Ohio Sept. 17, 2007).