UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO
------------------------------------------------
MICHAEL THREAT, et al.,                :
                                       :
    Plaintiffs,                       :    Case No. 1:19-cv-2105
                                       :
                                       :
v.                                     :    OPINION & ORDER
                                       :    [Resolving Doc. 55 & 56]
CITY OF CLEVELAND, et al.,             :
                                       :
    Defendants.                       :
                                       :
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs are African American Captains of the City of Cleveland's Emergency Medical Services ("EMS") Division.[1] After receiving a probable cause finding from the Ohio Civil Rights Commission[2] and a right-to-sue letter from the EEOC,[3] Plaintiffs sued the City and their supervisor, EMS Commissioner Nicole Carlton, alleging Title VII and Ohio Civil Rights Act discrimination and retaliation, among other claims.[4]

On October 8, 2020, this Court acknowledged direct evidence that Defendant EMS Commissioner Carlton had changed one of the Plaintiff's work shifts on racial grounds.[5] But because binding precedent established that a shift change was not a sufficiently adverse Title

---

[1] Doc. 1.
[2] Doc. 29 at 71.
[3] Doc. 1-4.
[4] Doc. 1.
[5] Doc. 53.

Case No. 1:19-cv-2105
Gwin, J.
VII or Ohio Civil Rights Act employment action, the Court granted Defendants' summary judgment motion.[6]

Defendants, as the prevailing party, now seek to recover their roughly $5,700 non-attorney-fee litigation costs.[7] Plaintiffs oppose.[8] For the reasons stated below, the Court **DENIES** Defendants' costs motion.

Federal Rule of Civil Procedure 54(d) creates a presumption that a successful party may recover its non-attorney-fee litigation costs.[9] However, this Court retains discretion to deny a litigation cost award based on the case circumstances.[10] The relevant circumstances include (1) the losing party's good faith, (2) the difficulty of the case, (3) the winning party's behavior, and (4) the reasonableness and necessity of the requested costs.[11]

Among the four factors, only the fourth factor weighs in favor of granting costs, as the $5,700 appear to be both reasonable and necessary. The remaining factors counsel denying the costs motion.

First, Plaintiffs brought this discrimination suit in good faith, having first received both a probable cause finding and right-to-sue letter from the relevant state and federal authorities. Requiring diligent but unsuccessful employee discrimination plaintiffs to shoulder their employer's litigation costs would discourage good-faith discrimination claims.

---

[6] *Id.*
[7] Doc. 55.
[8] Doc. 56.
[9] *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).
[10] *Id.*
[11] *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citing *White & White, Inc.*, 786 F.2d at 732–33).

Case No. 1:19-cv-2105
Gwin, J.

Second, this was a difficult case. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case."[12] Here, resolution of the parties' summary judgment motions turned on a complex question requiring close study of the law and relevant facts, especially given this was a rare case involving direct evidence of racial discrimination. The question whether flagrant discrimination could move the needle on employment action materiality was a close one, suggesting that Defendants should bear their own litigation costs.

Third, regarding Defendants' behavior, Defendant Carlton admitted she racially discriminated against a subordinate. Although her discriminatory action was not material under governing law, Defendant Carlton's actions were repugnant to modern sensibilities. Such behavior cuts against awarding costs.

On balance, the cost-award factors weigh against granting Defendants' costs motion. The Court therefore exercises its discretion to **DENY** Defendants' costs motion.

IT IS SO ORDERED.

Dated: November 4, 2020             *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[12] *White & White, Inc.*, 786 F.2d at 732–33.

-3-